UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | REPORT AND RECOMMENDATION |
| V. ) | |
| ) | CASE NO. 2:07-cr-35-03 |
| MARTIN WHITETAIL, JR. ) | |

At an August 12, 2011 hearing, Martin Whitetail, Jr. admitted that he had violated conditions of supervised release. He does not contest revocation of his release. The parties' positions differ only on the appropriate length of a term of custody upon revocation. This Court recommends that Whitetail's supervised release be revoked, and that he be ordered to serve eight months in custody.

The petition was filed October 29, 2010 (Doc. 85), and was referred to this Court for hearing and for preparation of this Report and Recommendation (Doc. 173).

### **FACTS**

In 2007, Whitetail was sentenced to a prison term of 16 months, followed by three years of supervised release, after he pled guilty to an assault charge. Whitetail began his supervised release term on October 3, 2008. Whitetail is 26 years old, has a tenth grade education, and has been employed only sporadically.

Throughout his term of supervised release, Whitetail has struggled with alcohol and drug issues. His supervised release term is marked by guilty pleas to several tribal

1

charges - public intoxication, violence to a police officer, domestic abuse, reckless endangerment, and escape - all of which resulted from alcohol use. In addition to time in custody, tribal sentences required that Whitetail participate in alcohol treatment, but he did not follow those requirements consistently.

In September 2010, Whitetail's conditions of supervision were modified, requiring that he reside at a residential reentry center for up to six months (Doc. 83). He began his placement at Centre, Inc., in Mandan on September 10, 2010. He had a chemical dependency evaluation in mid-October. Although the evaluator recommended intensive out-patient treatment, there was not an immediate opening to begin that treatment. It appears that Whitetail absconded from the Centre placement before the out-patient treatment could begin.

Whitetail admitted at the hearing that he absconded from Centre on October 27, 2010. Whitetail stated that he left Centre because of concern that his two young children, who live in Fort Totten, were not being cared for properly. He stated that he worked about two months near New Town, laying underground pipe, but that he was otherwise on the Spirit Lake Reservation from October 2010 until his tribal arrest in early July 2011. Whitetail's July arrest was on a tribal charge of public intoxication. On July 29, 2011, he completed his tribal

sentence, and came into federal custody as a result of this petition. Whitetail did not contest detention pending a decision on the petition. (Doc. No. 156).

## **GUIDELINES POLICY STATEMENTS**

At the time he was sentenced, Whitetail was in Criminal History Category II. The violation of supervised release is of Grade C. Under those circumstances, the guidelines policy statements suggest a term of custody of four to ten months, if supervision is revoked.

## **PARTIES' POSITIONS ON DISPOSITION**

The United States asks that Whitetail's supervision be revoked, and that he be sentenced "on the high end" of the guidelines, with no additional term of supervised release. Whitetail seeks a term of six months, with no additional supervised release, and asks that a recommendation be made for placement at Lake Region Law Enforcement Center.

## **DISCUSSION**

The supervising probation officer calculated that Whitetail has been either in tribal custody or on absconder status for approximately 20 of the 34 months he has been on supervised release. Although Whitetail has been given opportunities to participate in alcohol treatment during his term of release, Whitetail has not yet been ready to take that treatment seriously.

Whitetail acknowledged that he violated conditions of his supervised release, and personally expressed regret for his actions. He asks that his gainful employment during some of the time he was not in contact be considered, along with his minimal criminal activity during that time.

Whitetail's compliance with conditions of supervised release has been minimal. Though he was likely on the reservation most of the time he was in "absconder status," he made no effort to contact the probation office. His statement that he left Centre because of concern for his children's welfare is inconsistent with his statement that he spent some of time working in New Town. This Court does not question Whitetail's sincere desire to properly care for his children, but that motivation does not excuse his lack of compliance with conditions of release.

Given his meager efforts to comply with conditions, and the parties' positions that no additional supervised release should be ordered, a term of custody near the top of the guidelines range appears appropriate.

### RECOMMENDATION

This Court recommends that the district judge find that Whitetail violated conditions of supervised release, that his supervised release be revoked, and that he be ordered to serve eight months in custody. This Court further recommends that no

additional term of supervised release be ordered after completion of the term of custody.  In order that he may be closer to his family, his request that his time be served at Lake Region Law Enforcement Center is appropriate.

## **OPPORTUNITY FOR OBJECTIONS**

Pursuant to local rule, the parties may object to this Court's recommendation.  In the event there is no objection, counsel is asked to advise the district judge, so that an order can be considered prior to the end of the period allowed for objections.

Dated this 22nd day of August, 2011.

>  */s/ Alice R. Senechal*
>  Alice R. Senechal
>  U.S. Magistrate Judge